IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| v. | ) | **Criminal No. 12-274** |
| | ) | |
| **MICHAEL ANGELO BIGSTAFF** | ) | |

**OPINION and ORDER ON MOTION TO LIFT NO-BOND ORDER**

Defendant Michael Angelo Bigstaff has filed a Motion to Lift No-Bond Order, in which he asks that the no-bond order be lifted so that a detention hearing may be held on his current active indictment filed at Criminal No. 19-287. ECF No. 86. The Government opposes Defendant's motion. ECF No. 88.

On June 12, 2019, the Probation Officer filed a Petition seeking a warrant for Mr. Bigstaff's arrest based on allegations that he violated his supervised release by committing crimes and by failing to report to the Probation Officer that he had been arrested and questioned by law enforcement. As stated in the Petition, criminal charges were filed against Mr. Bigstaff in two separate jurisdictions, Beaver County and the City of Pittsburgh. The Beaver County criminal complaint alleged that Mr. Bigstaff committed several drug trafficking, and drug trafficking-related, offenses in August 2018. In May 2019, the City of Pittsburgh Bureau of Police charged Mr. Bigstaff with a misdemeanor drug possession charge, and two other charges, after conducting a traffic stop based on a suspected drug transaction.

The United States adopted the Beaver County criminal case, and on September 24, 2019, a grand jury returned a one-count federal indictment against Mr. Bigstaff charging him with possession with the intent to distribute and distribution of a quantity of crack cocaine on August

16, 2018. Cr. No. 19-287. The federal charge was incorporated into the June 2019 Petition as additional alleged violations of supervised release. ECF No. 83.

The government argues that the motion should be denied because the conditions existing when the no-bond order was entered are essentially unchanged. The government points out that Mr. Bigstaff's conduct is particularly egregious as he is alleged to have committed serious drug trafficking offenses while under federal supervision for having committed a serious drug trafficking offense. According to the government, such conduct shows an inability to comply with the conditions of supervision. The government also notes that Mr. Bigstaff faces a significant sentence if convicted of the federal offense at Criminal No. 19-287, and his proposed release plan appears to be to return to the same residence from which he is alleged to have committed the pending drug trafficking offense. Other than the COVID-19 pandemic and issues related to the pandemic, the government argues that the essential circumstances warranting the initial no-bond order are the same and therefore the Court should deny the motion to lift the no-bond order.

The government presents a sound argument in favor of pretrial detention. However, the argument is presented without Mr. Bigstaff ever having had the opportunity to present evidence and argument in favor of pre-trial release before a detached and neutral magistrate judge. When the government seeks pretrial detention of a convicted felon who is newly charged with a federal crime in which a rebuttable presumption of detention exists, the government still must present its case for detention before a magistrate judge with the defendant present and participating. This is true even if the government was able to present on paper a similarly sound and logical argument in favor of detention. In this case the government's argument "on paper" appears to warrant pretrial detention. However, because Mr. Bigstaff has not had the opportunity to present

evidence and argument in favor of his pretrial release, the Court will lift the no-bond order to allow the question of bond to be determined at the discretion of the magistrate judge. Such relief will permit the magistrate judge to review the record and proposed release plan and determine if release is appropriate under the Bail Reform Act to reasonably assure the safety of the community and his appearance at future court proceeding. Finally, the Court notes that general concerns regarding COVID-19 and conditions at the Allegheny County Jail are unlikely to warrant pretrial release in any case, except for rare and exceptional cases.

    AND NOW, this 30th day of April, 2020, Defendant's Motion to Lift No-Bond Order is GRANTED. The no-bond order is lifted, and Defendant may seek a detention hearing on the charges filed at Criminal No. 19-287.

BY THE COURT:

  s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge